# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Rashad K. Richmond,
)
)
Plaintiff )
)
vs. )
)  Case No. N/A
)  (The case number will be assigned by the clerk)
Doctor "Jonathan Ek" )
_____ )
_____ )
_____ )
_____ )
_____ )
_____ )
_____ , )
)
Defendant(s) )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____N/A_____

☐ Unknown _____N/A_____

### I. FEDERAL JURISDICTION

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

   Full Name: **Rashad Kendall Richmond**

   Prison Identification Number: **M41803**

   Current address: **P.O Box 1700**
   **Galesburg, IL 61402**

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

   Defendant #1:

   Full Name: **Jonathan Ek**

   Current Job Title: **Doctor / Medical Director**

   Current Work Address **P.O Box 1700**
   **Galesburg, IL 61402**

   Defendant #2:

   Full Name: **N/A**

   Current Job Title:

   Current Work Address

   Defendant #3:

   Full Name: **N/A**

   Current Job Title:

2

Current Work Address   N/A

Defendant #4:

Full Name:   

Current Job Title:   N/A

Current Work Address   

Defendant #5:

Full Name:   

Current Job Title:   N/A

Current Work Address   

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?       Yes ☐       No ☒

If yes, please describe   N/A

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒       No ☐

C. If your answer to B is yes, how many? __3__   Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number
   Richmond v. Brookhart et.Al., Southern District, 3:19-cv-00696

2. Basic claim made  Living Conditions

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  Still pending

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☑  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑  No ☐

If your answer is no, explain why not  N/A

C. Is the grievance process completed?  Yes ☑  No ☐

I got denied, then I appealed it, and got denied again my relief I seeked.

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Hill Correctional Center

4

# *Additional Lawsuits*

1.) <u>Name of Case, Court, & Docket Number:</u>

Richmond v. Contreares et. Al., Northern District, 19-C-2301

2.) <u>Basic Claim Made:</u>
Excessive Force

3.) <u>Disposition:</u>
Still pending

---

1.) <u>Name of Case, Court, & Docket Number:</u>
Richmond v. Director of Nurses et. Al., Southern District, 3:19-CV-00645

2.) <u>Basic Claim Made:</u>
Pain & Suffering

3.) <u>Disposition:</u>
Still pending

Date(s) of the occurrence  7/24/19, 9/4/19

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

1.) On July 24th, 2019 I was transferred from Lawrence C.C. to Hill C.C, and I was on previous medications (Tylenol 3's) at Lawrence before I transitioned to Hill C.C for very severe pain issues. The doctor at Lawrence C.C ordered me a perscription of Tylenol 3's for 6 months (from Feb 15th - Aug 15th 2019) because the other pain medication wasn't working (See Medication Documents). But when I arrived at Hill C.C a Dr. Jonathan Ek discontinued my pain medications against protocol/ proper procedure. Not once did I see or was present in front of him so he can take me off the Tylenol & put me on a diffrent pain medication, knowing that I needed it because I was crushed in a real bad motor accident and suffering from broken hardware inside my bones (See Attached Document).

2.) I filed an emergency grievance because I was in excrutiating pain without any pain medication, but my grievance got denied. I then appealed that one then filed another emergency grievance due to the severity of my pain because Dr. Ek still hadn't called me to be seen to discuss my pain management since he'd cut me from it, But I got denied that grievance also. (See Attached Documents). I also wrote numerous of request to be seen by Dr. Ek and put in numerous of sick call slips to be seen by the nurse because Hill C.C say you have to see the nurse at least 3x's before being referred to the doctor and I did,

5

But still hadn't gotten called, or been seen after my nurse sick call follow ups. I was told by nurse practitioner "Steele" that Dr. EK doesn't like guys on narcotics if he feels like the situation isn't severe or in a life & death situation, like cancer.

3.) On September 4th, 2019 I seen nurse "Steele" to manage my pain meds. (See attached document) She said she only came to see me because she seen that Dr. EK still hadn't seen me & she knew my situation and how severe & excruciating the pain can be to my right leg, so she came to see me to perscribe me "SOME" type of medications instead of any. She also told me that that was unprofessional on Dr. EK end & she apologized.

4.) I was without pain medication & was in pain from 8/7/19 to 9/4/19, due to Dr. EK discontinuing me and not perscribing me any other type of pain medications. I woke up numerous of mornings and nights could barely get out of bed and walk, if it wasn't for nurse Steele I'd still be in pain until this day.

5.) (See attached affidavit in support for claim)

RELIEF REQUESTED

(State what relief you want from the court.)

Lawyer fee's in the amount of $7,500 on any count triable

before the Court;

punitive DAMAGES in the Amount of $200,000.00 on All Counts Triable before the Court.

JURY DEMAND    Yes ☑    No ☐

Signed this __6th__ day of __October__, 20__19__.

_Rashad Richmond_
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| RASHAD RICHMOND | #M41803 |
| Address: P.O BOX 1700 GALESBURG, IL 61402 | Telephone Number: N/A |



# AFFIDAVIT OF RICHMOND, RASHAD K. #M41803

I Richmond, Rashad, provide the below facts as an "Affidavit of Truth" which wherein relates to the day of July 24th, 2019, to which caused writ of attachment of said claim under complaint. The facts of said affidavit is a testimony of the incident, and if called as a witness I would testify to the following:

1.) On July 24th, 2019 I was transferred from Lawrence Correctional Center to Hill C.C. and was on previous medications for pain before I left Lawrence C.C. But when I arrived at Hill C.C. a Doctor "Jonathan Ek" discontinued my pain meds against protocol all because he say he doesn't like guy's on narcotics if it's not a life or death situation. I never got a chance to see Dr. Ek to discuss my pain management which is proper protocol since he discontinued me. He never prescribed me any new pain medication or anything, although knowing the pain predicament I was in.

2.) I filed multiple grievances and got denied, after I explained & complained to them how much severe pain I was in & that I needed my pain medication. I didn't get seen until September 4th, 2019 and not by Dr. Ek, I got seen by a nurse practitioner Ms. Steele. She said she only came to see me because she had seen in the records that Dr. Ek was suppose to follow up with me about my pain medication after being discontinued but fail to do so.

(2)

So she took it upon herself to come see me because she said she knew how severe & excruciating my pain could be so she was lenient towards my situation, so she said she came and seen me to perscribe me "some" type of meds since Dr. Ek hadn't.

3.) I was in pain from August 7th, 2019 to September 9th, 2019, and without Nurse Steele I'll still be in pain until this day.

Respectfully Submitted,

Rashad Richmond

STATE OF ILLINOIS
COUNTY OF KNOX

SIGNED AND ATTESTED BEFORE ME ON THE 11TH OF OCTOBER 2019 BY RASHAD RICHMOND.

Sally A. Huffer
NOTARY

SALLY A HUFFER
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 26, 2022

ILLINOIS DEPARTMENT OF OFFENDER
## Offender Health Status Transfer Summary

**Transferring Facility:** LAW Center

**Offender Information:** Richmond, Rashad   ID#: M41803

**Date:** 7/21/19   **Time:** 500 a.m.

### Transfer Screening (completed by transferring facility health care staff):
☐ HIV Test & Counseling Offered (only transfers to ATC, parole, release or discharge)

- **Allergies:** NKDA
- **Food Handler Approved:** Yes
- **Current / Acute Conditions / Problems:** Ø
- **Chronic Conditions / Problems:** Psych
- **Current Medications:**
  - Acute Short-term: Ø
  - Chronic Long-term: Tylenol #3 - 2 pills PO tid til 8/15/19
  - Chronic Psychotropic: Remeron 45mg HS, Geodon 80mg HS, Buspar 30mg HS
- **Current Treatments:**
- **Therapeutic Diets:**
- **Follow-Up Care:** RHC
- **Chronic Clinics:**
- **Specialty Referrals:** psych
- **Significant Medical History:** s/p ORIF ® Ankle, Ortho recommends hardware removal p release from IDOC
- **Physical Disabilities / Limitations:**
- **Assistive Devices / Prosthetics:** ☐ Glasses ☐ Dentures ☐ Hearing Aid
- **Mental Health Issues:** ☐ Hx Suicide Attempt Date: ___ ☒ Hx Psych Med ☐ Hx MPC/STC  Substance Abuse: ☐ Alcohol ☐ Drugs
- **R & C Use Only:** ☐ LAB ☐ EKG ☐ CXR ☐ Dental ☒ MEDS ☐ MH ☐ Other: ___ ☐ Packet Complete

C Brooks LN / Health Care Staff and Title   C Brooks / Signature   7/21/19 / Date

### Reception Screening (completed by receiving facility health care staff):
- **Facility:** Hill CC
- **Date:** 7/29/19   **Time:** ___ a.m./p.m.
- **Subjective:**
  - Current Complaint: Ø
  - Current Medications/Treatment: All MAR
- **Assessment:** Intake Assessment
- **Objective:**
  - Physical Appearance/Behavior: A&O x3
  - Deformities: Acute/Chronic: Ø
  - T: 97.4  P: 101  R: 14  B/P: 112/66
- **Plan: Disposition:**
  - ☐ Health Information Given
  - ☐ Sick Call: Urgent / Routine
  - ☐ Medication Evaluation
  - ☐ Work / Program Limitation
  - ☐ Infirmary Placement
  - ☒ Other (specify): MH referral
  - ☐ Emergency Referral: ___
  - ☐ Therapeutic Diet ☐ Special Housing ☐ Chronic Clinics
  - ☐ Specialty Referrals ☐ Other (specify): ___

194 M Smith LPN / Printed Name and Title   signature   7/29/19 / Date

☐ For Adult Transition Center transfers ☐ For Electronic Detention/Monitoring:

☐ Approved ☐ Denied
_____ Mental Health Professional Signature and Title   Date

☐ Approved ☐ Denied
_____ Health Care Staff Signature and Title   Date

Distribution: Offender's Medical Record / Transferring Facility / Receiving Facility    Printed on Recycled Paper    DOC 0090 (Rev. 12/2018)

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender ~~Infirmary~~ Progress Notes

Lawrence Correctional Center

Offender Information:
Last Name: Richmond
First Name: Rashad
MI:
ID#: M41803

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7-20-19 10:30 am | Crisis Member Note: <br><br>S: Offender current crisis placement per order of MHP. CTM follow-up evaluation. Offender quoted statement of well-being. <br><br><br><br>O: (Circle all that apply) Angry  Tearful  **(Calm)**  **(Cooperative)** <br><br>Auditory Hallucination  Depressed  Anxious <br><br>Easily engaged in Conversation  **(Good eye contact)**  Speech Fluent <br><br>Suicidal  **(Stable)** <br><br><br><br>A: Evaluation findings suggestive for: (circle) **(Stability)**  Instability | P: MHP Telephone order: <br><br>Check line next to order to be followed per consult with MHP staff on findings of CTM evaluation: <br><br>✓ Maintain current level of watch: <br><br>**(PC)**  CS  SW  CW  SC  TR <br><br>___ Change level of watch to: <br><br>PC  CS  SW  CW  SC  TR <br><br><br><br><br><br>CTM Signature: _Dr. Boose_ <br><br>T.O. MHP Name: _J. Welty/RN_ <br>_Dee 7/22/19_ |

Distribution: Offender's Medical Record

DOC 0085 (Eff. 9/2002)
(Replaces DC 7147)

OneRadiology
Normal, Illinois
October 12, 2018

RICHMOND, RICHARD
ID #: M41803
DOB: 10-27-95
Ordered by: Dr. Ahmed
Lawrence Correctional Facility

RIGHT TIBIA/FIBULA TWO VIEWS 10-9-2018:
RIGHT ANKLE THREE VIEWS 10-9-2018:

HISTORY: Motor vehicle accident. Right leg pain.

DISCUSSION: No acute bony injury seen in the right tibia/fibula or the right ankle. Ankle mortise is maintained. Prior fixation of distal fibula fracture. Also there has been prior fusion of the distal tibia/fibula joint. Break in the fusion screw extending into the right tibial shaft is noted. The rest of the tibia and fibula are otherwise unremarkable.

Signed _____
A. Malpani, M.D.

Dic:10-12-2018

Films from Lawrence Correctional Facility

TK
10-16-18

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender Outpatient Progress Notes

HILL CC _____ Center

RICHMOND, RASHAD
M41803

First Name ____ MI ____ ID#: ____

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 9-4-19 @ 1720 | M.D. / N.P. / P.A. Visit<br>WT ____ B/P ____<br>T ____ P ____ R ____ | |
| | discuss pain management<br>NP Note:<br>S/O: Pt. seen for pain mgmt f/u. Off of Tylenol #3 x 4wks. Explained to pt. that opioids not indicated in chronic pain mgmt & discussed NSAIDS, APAP, Pamelor, & Cymbalta. Decided on Cymbalta & Naproxen. Pt. agreeable to plan.<br>A: Chronic ® ankle/foot pain | ① Cxl. 9/12/19 appt.<br>② Cymbalta 30mg PO QHS x 1wk, then 60mg PO QHS x 1yr.<br>③ Naproxen 375mg PO daily PRN x 1yr.<br>④ f/u c̄ me 4wks 9-25-? (pain mgmt f/u).<br><br>noted |

Distribution: Offender's Medical Record        Printed on Recycled Paper        DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

### Grievance Officer's Report

Date Received: 08/14/2019  Date of Review: 09/12/2019  Grievance # (optional): 19-08-195-E
Offender: Rashad Richmond  ID#: M41803

Nature of Grievance:
Medical Treatment

**Facts Reviewed:**
Offender Richmond M41803 (grievant) has filed this grievance dated 08/13/2019 regarding medical treatment for emergency review. The CAO received the grievance on 08/13/2019, reviewed it on 08/14/2019 and determined that it is emergent in nature. There were no attachments to this grievance received.

Grievant states that on 07/31/2019 he was given a blue card for medication pass and was told that he was being weaned off his medication. He states that he did not see the doctor about this change. He states that has written a grievance on 08/01/2019 about this issue. His requested relief is that Dr. Ek and Director of Nursing Pilger are punished.

This Grievance Officer notes that disciplinary actions against Wexford staff are outside of the scope of the IDOC grievance process.

R. Carlson, Director of Nursing, provided a response dated 08/16/2019 that was received on 09/11/2019 stating "Patient is on provide line to discuss discontinuation of pain meds. Grievance has already been responded to previously."

This Grievance Officer reviewed the grievance database. The grievant filed a grievance dated 08/01/2019 which was received in the Grievance Office on 08/03/2019 after being determined to be emergent by the CAO and assigned grievance number 19-08-018-E. The DOC 0047 was signed by the CAO on 08/16/2019 and the grievant was mailed his copy on 08/17/2019. Though not an exact duplicate, the grievance covers the same issue; the discontinuation of the grievant's medication.

Nurse Practitioner Steele provided this response to grievance 19-08-018-E; "1. Narcotics are not indicated in mgmt. of chronic pain. 2. Orthopedics recommended removal of hardware in right ankle as an outpatient – after released from IDOC. They specifically state the procedure is "neither urgent or emergent." 3. Will schedule a follow-up appt with MD/NP to discuss pain mgmt. EOR."
(Continued)

**Recommendation:**
Based upon a total review of all available information, this Grievance Officer is reasonably satisfied the offender has access to health care, that his grieved issue has already been addressed in a prior grievance and recommends no further action; grievance moot.

John Frost, Correctional Counselor 2      John Frost  Digitally signed by John Frost
Print Grievance Officer's Name           Grievance Officer's Signature  Date: 2019.09.12 08:51:29 -05'00'

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 9/18/19  [X] I concur  [ ] I do not concur  [ ] Remand

Action Taken:

_____  9/18/19
Chief Administrative Officer's Signature  Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____  M41803  9/13/19
Offender's Signature    ID#    Date

Distribution: Master File; Offender       Page 1       DOC 0047 (Rev. 3/2019)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

This Grievance Officer notes that the grievant has already received a CAO signed response to his grieved issue of medication. His writing of this second grievance on the same issue does not comply with D.R. 504 Subpart F, Section 504.850 a) which states "If, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." Recommend grievant follows D.R. 504, Subpart F policy and forward his first grievance on this issue to the A.R.B. is he is not satisfied with the response.